# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

ROWENA MOLSON,            )         CASE NO. 1:18CV1649

               )

          Plaintiff,         )         JUDGE CHRISTOPHER A. BOYKO

               )

      vs.               )

               )

JACK CACCACUS, et al.,      )         **MEMORANDUM OPINION**

               )         **AND ORDER**

         Defendants.    )

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Complaint of *pro se* Plaintiff Rowena Molson

against defendants Jack Caccacus and Tim Bennett (collectively, Defendants) (ECF DKT #1).

Also before the Court is Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF DKT #2), which

is granted.  For the reasons that follow, this case is dismissed.

## I.  BACKGROUND

Plaintiff's Complaint states in its entirety:

Section 440 - Civil Rights
No cause and invidious discrimination by gender based on the value of human life
at or in excess of $75,000.00 between April 9 to June 1, 2009, all days included.  No
involvement by plaintiff "self" by word or deed during this April 9 - June 1, 2009
interval, only abduction of Neurenberg [sic] Trial, case in point[.]

Attached to the Complaint is correspondence from the Pennsylvania Department of

Human Services, in Spanish, dated June 21, 2018 (ECF DKT #1-1), and a Certificate from

Athabasca University stating the Plaintiff has been granted a Bachelor of Arts degree in

Sociology and Anthropology, along with a transcript (ECF DKT #1-2).

## II.  DISCUSSION

### A.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required by 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions and to dismiss before service any such action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  The standard for dismissal articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) with respect to Fed. R. Civ. P. 12(b)(6) also governs dismissal under § 1915(e)(2)(B).  *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  Therefore, in order to survive scrutiny under § 1915(e)(2)(B), a *pro se* complaint "'must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Id*. (quoting *Iqbal*, 556 U.S. at 678).

### B.  Analysis

It appears from the Complaint that Plaintiff is asserting a claim related to gender discrimination.  However, Plaintiff does not allege any facts regarding the nature of the alleged discrimination or Defendants' role in any such discrimination.

In order to state a plausible claim for relief, Plaintiff must satisfy the basic federal pleading requirements set forth in Fed. R. Civ. P. 8(a)(2), and the Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  "A pair of Supreme Court decisions . . . confirms that [Rule 8] imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (citing *Twombly* and *Iqbal*).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

Plaintiff's Complaint does not contain either direct or inferential allegations respecting all the material elements to sustain a recovery against Defendants under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 437 (6th Cir. 1988). The Court is not required to conjure unpleaded facts or construct claims against Defendants on behalf of Plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985). Even liberally construed, Plaintiff does not allege facts that give Defendants "fair notice" of the grounds upon which Plaintiff's vague gender discrimination claim rests. *See Twombly*, 550 U.S. at 545. Accordingly, Plaintiff's Complaint fails to state a claim upon which relief can be granted, and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### III. CONCLUSION

For all of the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and closed. Plaintiff's Motion to Proceed *In Forma Pauperis* is granted (ECF DKT #2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision may not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** August 8, 2018